J. J. GAVIN & CO., STROHEIM & ROMANN *v.* UNITED STATES (No. 4177)[1]

United States Court of Customs and Patent Appeals, October 31, 1938

*Eugene F. Blauvelt* (*Allan R. Brown* of counsel) for appellants.
*Webster J. Oliver*, Assistant Attorney General (*Daniel G. McGrath*, special attorney, of counsel), for the United States.

[1] C. A. D. 14.

**180**

[Oral argument October 5, 1938, by Mr. Blauvelt and Mr. Oliver]

Before GARRETT, Presiding Judge, and BLAND, HATFIELD, LENROOT, and JACKSON, Associate Judges

HATFIELD, Judge, delivered the opinion of the court:

This is an appeal from a judgment of the United States Customs Court, Second Division, holding certain velvet pile fabrics composed in chief value of cotton, but containing silk and rayon (the cotton "having a staple of one and one-eighth inches or more in length"), dutiable as velvet pile fabrics at 62½ per centum ad valorem, under paragraph 909 of the Tariff Act of 1930, and 10 cents per pound, under paragraph 924 of that act, on the "cotton contained therein having a staple of one and one-eighth inches or more in length," as assessed by the collector at the port of New York, rather than as cotton cloth under the provisions of paragraphs 903 (a), (b), and (c), and 904 (c) and (d), by virtue of the provisions of paragraph 905 of that act, as claimed by the importers—appellants.

The provisions in question read as follows:

PAR. 903. (a) The term cotton cloth, or cloth, wherever used in this schedule, unless otherwise specially provided for, shall be held to include all woven fabrics of cotton, in the piece, whether figured, fancy, or plain, and shall not include any article, finished or unfinished, made from cotton cloth.

(b) In the ascertainment of the condition of the cloth or yarn upon which the duties imposed upon cotton cloth are made to depend, the entire fabric and all parts thereof shall be included.

(c) The average number of the yarn in cotton cloth herein provided for shall be obtained by taking the length of the thread or yarn to be equal to the distance covered by it in the cloth in the condition as imported, except that all clipped threads shall be measured as if continuous; in counting the threads all ply yarns shall be separated into singles and the count taken of the total singles; the weight shall be taken after any excessive sizing is removed by boiling or other suitable process.

PAR. 904. (c) Cotton cloth, printed, dyed, or colored, containing yarns the average number of which does not exceed number 90, 16 per centum ad valorem and, in addition thereto, for each number, thirty-five one-hundredths of 1 per centum ad valorem; exceeding number 90, 47½ per centum ad valorem.

(d) In addition to the duties hereinbefore provided in this paragraph, cotton cloth woven with eight or more harnesses, or with Jacquard, lappet, or swivel attachments, shall be subject to a duty of 10 per centum ad valorem, and cotton cloth, other than the foregoing, woven with two or more colors or kinds of filling, shall be subject to a duty of 5 per centum ad valorem.

PAR. 905. Cloth, in chief value of cotton, containing silk, or rayon or other synthetic textile, shall be classified for duty as cotton cloth under paragraphs 903 and 904 and shall be subject to an additional duty of 5 per centum ad valorem.

PAR. 909. Pile fabrics (including pile ribbons), cut or uncut, whether or not the pile covers the entire surface, wholly or in chief value of cotton, and all articles, finished or unfinished, made or cut from such pile fabrics, all the foregoing, if velveteens or velvets, 62½ per centum ad valorem; if corduroys, plushes, or chenilles, 50 per centum ad valorem; if terry-woven, 40 per centum ad valorem.

PAR. 924. All the articles enumerated or described in this schedule (except in paragraph 922) shall be subject to an additional duty of 10 cents per pound on the cotton contained therein having a staple of one and one-eighth inches or more in length.

It is conceded by counsel for appellants that the velvet pile fabrics in question are covered by the provisions for pile fabrics contained in paragraph 909. Counsel contend, however, that as the pile fabrics contain silk and rayon they are more specifically provided for in paragraph 905. It is further contended that paragraph 905 "contains a specific mandate as to the classification of the cloth at bar whether that paragraph is the more specific or not," and that, therefore, the involved fabrics are dutiable under, and in accordance with, the provisions of that paragraph.

It is the contention of counsel for the Government that as the involved merchandise consists of velvet pile fabrics, and as such pile fabrics are expressly provided for in paragraph 909, it is clear from the provisions of paragraph 903 (a), *supra*, that the provisions of paragraph 905 were not intended by the Congress to apply to such merchandise.

The Congress provided in paragraph 903 (a) that the·*"term* cotton cloth, or cloth, *wherever used in this schedule, unless otherwise specially provided for,"* should be held to "include all woven fabrics of cotton, in the piece, *whether figured, fancy, or plain,"* etc. [Italics ours.]

Paragraphs 904 (a), (b), (c), and (d), 905, 906, and 907 of the tariff act provide for "Cotton cloth" and "Cloth" in chief value of cotton at various rates of duty, depending upon the character of the cloth. Cotton yarn, cotton waste, tapestries, pile fabrics, blankets, sheets and pillow cases, fabrics with fast edges, and various other articles and fabrics are covered by the several paragraphs in the cotton-manufactures schedule. It is not our purpose to analyze and construe all of the provisions of those paragraphs. We think it is clear, however, from the language of paragraph 903 (a), whether considered alone or in conjunction with other provisions in the schedule, that the Congress was not referring to "cotton cloth" or "cloth" generally in paragraph 903 (a), *supra*, but rather to the *"term* cotton cloth, or cloth, wherever *used"* in the cotton-manufactures schedule, and intended that the definition therein given should apply to those terms wherever they were used in that schedule, unless different interpretations were required by special provisions therein. [Italics ours.]

In view of the fact that pile fabrics are not designated in paragraph 909, *supra*, as cotton cloth or cloth, but are specially provided for therein by name, the provisions· of paragraph·903 (a) defining the terms cotton cloth and cloth obviously have no application to the involved pile fabrics. Had the Congress not specially provided for pile fabrics in paragraph 909, the involved velvet pile fabrics might,

as they are composed in chief value of cotton but contain silk and rayon, be dutiable under and in accordance with the provisions of paragraph 905, in which event the provisions of paragraph 903 (a) might have application. We think it is clear, however, from a consideration of the statutory provisions in question and the common meaning of the term "velvet" that the Congress intended velvet pile fabrics to be dutiable under the provisions of paragraph 909, if composed wholly or in chief value of cotton, even though those composed in chief value of cotton contained silk and rayon.

The term "velvet" is defined in Webster's New International Dictionary as follows:

1. A silk fabric having a short close nap of erect threads forming a thick soft pile. It is called pile velvet when the loops of the pile are uncut, and cut velvet when the loops are cut so that the pile is of single threads. Inferior qualities are made with a silk pile on a cotton or linen back.

It is true that by the enactment of paragraph 909 the Congress recognized the existence of velvet pile fabrics composed wholly of cotton, United States v. J. J. Gavin & Co., 23 C. C. P. A. (Customs) 288, T. D. 48164; however, it surely was not the intention of the Congress, in view of the common meaning of the term "velvet," to exclude from the provisions of that paragraph velvet pile fabrics in chief value of cotton, which contained silk or rayon or both.

The involved velvet pile fabrics are composed in chief value of cotton. They are specially provided for in paragraph 909, and, in our opinion, were not intended by the Congress to be covered by the provisions of paragraph 905.

The judgment is *affirmed*.